UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00202-RJC-SCR

| | |
|---|---|
| MARC HUBBARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MARC A. WALLENSTEIN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 17, 21, 23); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 40), and Plaintiff's Objection to the M&R, (Doc. No. 41). For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS** the Federal Defendants' Motion to Dismiss, (Doc. No. 17), and Defendant Harrison's Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. No. 21). The Court **DENIES as MOOT** Defendant Harrison's Motion to Dismiss for Insufficient Service of Process, (Doc. No. 23).

I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to

1

dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Having conducted a full review of the M&R, Plaintiff's Objection to the M&R, and other documents of record, the Court finds that Plaintiff has failed to submit a specific written objection directing the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. That Plaintiff disagrees with the M&R's result is insufficient.

First, Plaintiff objects on grounds that he "properly served the Attorney General via certified mail to the Assistant Attorney General Dena King." (Doc. No. 41 at 1). Plaintiff attached a Certificate of Service indicating as much. (*Id.* at 2). But Plaintiff's objection fails to rebut the M&R's sound reasoning that "[u]nder the federal rules, a party seeking to serve the United States must 'send a copy of [the summons and the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C.,' among other requirements." (Doc. No. 40 at 16 (citing Fed R. Civ. P. 4(i)(1)(B)). Accordingly, the Court adopts the M&R's recommendation.

Second, Plaintiff, restating arguments already made, objects on grounds that the Government "is not entitled to absolute immunity" and the "Westfall Act is not available to the Government in the instant case because the Defendants were not acting within the scope of their duty when they committed these treasonous Acts." (Doc. No. 41 at 3). Plaintiff fails to state a specific objection directing the Court to a specific error in the Magistrate Judge's M&R. Nevertheless, having conducted a full review of the record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court adopts the M&R's recommendation.

Third, Plaintiff objects on grounds that Defendants "are subject to personal jurisdiction in North Carolina via North Carolinas long arm statute." (Doc. No. 41 at 3). Plaintiff fails to state a specific objection directing the Court to a specific error in the Magistrate Judge's M&R. Nevertheless, having conducted a full review of the

3

record, the Court hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court adopts the M&R's recommendation.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 40), is **ADOPTED**;
2. Federal Defendants' Motion to Dismiss, (Doc. No. 17), is **GRANTED**;
3. Defendant Harrison's Motion to Dismiss for Lack of Personal Jurisdiction, (Doc. No. 21), is **GRANTED**;
4. Defendant Harrison's Motion to Dismiss for Insufficient Service of Process, (Doc. No. 23), is **DENIED as MOOT**.

Signed: September 24, 2024

Robert J. Conrad, Jr.
United States District Judge